UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON BLACK,

    Petitioner,

    v.     CASE NO. 3:23-CV-805-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Brandon Black, by counsel, filed a habeas corpus petition to challenge his conviction for conspiracy to commit robbery resulting in serious bodily injury and robbery resulting in serious bodily injury under Case No. 09D02-1603-F2-5. Following a jury trial, he was sentenced to 60 years of incarceration, but his sentence was reduced to 36 years following direct review. Mr. Black asserts that his Sixth Amendment rights were violated at a critical stage of the criminal proceedings when the trial court allowed the prosecution to amend the charges at the February 2016 hearing without the presence of trial counsel. He articulates his claim as follows:

> For whatever reason, Mr. Black's appointed public defender was not present at the February 2016 hearing at which, after a mistrial, the Indiana trial court permitted the State of Indiana to amend the charging information to add substantially more serious charges. That hearing was a critical stage; and from Mr. Black's total absence at that hearing, the Court must presume prejudice.

ECF 13 at 1.

In support of this claim, Mr. Black relies on *United States v. Cronic*, 466 U.S. 648 (1984). There, the Supreme Court indicated that the criminal defendant is ordinarily required to demonstrate prejudice in connection with an ineffective assistance of counsel claim. *Id.* at 658. "There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* "Most obvious, of course, is the complete denial of counsel. The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659.

The Indiana Court of Appeals summarized the relevant sequence of events as follows:

> The State initially charged Black with Level 3 felony conspiracy to commit robbery resulting in bodily injury and Level 6 felony battery with moderate bodily injury. A February 2016 joint jury trial for Brown and Black ended in a mistrial because the jury was deadlocked.
>
> On February 24, 2016, the State filed an amended information. The modified charges included Level 2 felony conspiracy to commit robbery resulting in serious bodily injury, Level 2 felony robbery resulting in serious bodily injury, and Level 5 felony battery resulting in serious bodily injury. On February 29, 2016, an initial hearing took place on the amended information; Black's trial counsel was not present. During the hearing, the State said that after the trial court approved the amended charges, the State would dismiss the two original charges. The trial court stated the sentence range for each charge. The trial court asked Black whether he understood the allegations against him at this point. Black answered affirmatively and did not make any objections.
>
> On July 19, 2016, the day before the trial, the State filed an amended information that reflected the three pending charges against Black and did not include the two original charges. A jury trial took place on July 20-21, 2016. At the start of the trial, the State filed two more amended informations to clarify caption and citation mistakes. Black objected to these corrections.

2

> The trial court overruled the objection, finding that the corrections related to technicalities and not the substance of the allegations.
>
> At trial, Amin testified that he identified Black and Brown outside the Super 8 Motel early in the morning after the robbery. Black objected to the testimony, arguing that it was based on an impermissible show-up identification procedure. The trial court conducted a brief hearing outside the presence of the jury, overruled the objection, and admitted the evidence.
>
> The jury found Black guilty of Level 2 felony conspiracy to commit robbery resulting in serious bodily injury and Level 2 felony robbery resulting in serious bodily injury; it acquitted him of Level 5 felony battery. At sentencing, the trial court imposed consecutive thirty-year sentences for both Level 2 felonies for an aggregate of sixty years imprisonment.

ECF 7-6 at 5-6; *Black v. State*, 79 N.E.3d 965, 970 (Ind. Ct. App. 2017).

On direct appeal, the Indiana Court of Appeals considered whether Mr. Black's attorney's absence at the February 2016 hearing constituted a violation of his Sixth Amendment right to counsel. ECF 7-6 at 7-10. The appellate court first determined that the February 2016 hearing was not an "initial hearing" but rather a "a continuance of a proceeding that had been ongoing for more than a year." *Id.* The appellate court observed that the hearing "followed quickly on the heels of Black's mistrial" and found that the hearing was better cast as a continuance of prior proceedings. *Id.* It further noted that the prosecution moved to amend the charging information and that those amendments presented more severe and additional charges. *Id.* The Indiana Court of Appeals found that the hearing thus confronted Mr. Black with the intricacies of the law and the prosecution's advocacy and concluded that the hearing was a critical stage in the proceeding. *Id.*

The Indiana Court of Appeals noted that prejudice against a defendant denied the assistance of counsel is presumed unless the denial of that right amounted to harmless error. *Id.* The appellate court observed that trial counsel knew of the amended charges but declined to object or move to dismiss in the five months between the hearing and trial and also did not request a trial continuance. *Id.* Because trial counsel had ample time to challenge the indictment but did not raise any challenges, the appellate court inferred that trial counsel did not believe that the amendment affected the defense. *Id.* As a result, the appellate court held that Mr. Black was not prejudiced by the amendments and that any potential error was harmless. *Id.*

STANDARD

Mr. Black argues that the Indiana Court of Appeals' decision was contrary to *United States v. Cronic*, 466 U.S. 648 (1984), and *Bell v. Cone*, 535 U.S. 685 (2002), which establish the proposition that when a defendant is unrepresented at a critical stage, prejudice flowing from a lawyer's absence is presumed. According to Mr. Black, the Indiana Court of Appeals improperly relied on *Hernandez v. State*, 761 N.E.2d 845, 849 (Ind. 2002), and *Rushen v. Spain*, 464 U.S. 114, 117-18 n.2. (1983),[1] for the proposition that denial of assistance of trial counsel is "subject to a harmless error analysis unless the deprivation, by its very nature, cannot be harmless." He contends that the court should

---

[1] Though Mr. Black accurately notes that the Supreme Court issued *Spain* in the calendar year before it issued *Cronic*, these opinions were issued within the same Supreme Court term. *See* 28 U.S.C. § 2 (Supreme Court terms commence on the first Monday in October of each year).

4

not apply AEDPA deference to the appellate decision based on its reliance on contrary authority.

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods*, 135 S. Ct. at 1376 (quotations and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's

5

determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotations omitted).

By contrast, "[w]hen no state court has squarely addressed the merits of a habeas claim, . . . we review the claim under the pre-AEDPA standard of 28 U.S.C. § 2243, under which we dispose of the matter as law and justice require." *Morales v. Johnson*, 659 F.3d 588, 599 (7th Cir. 2011) "This is a more generous standard: we review the petitioner's constitutional claim with deference to the state court, but ultimately de novo." *Id.*

The court cannot find that applying harmless error analysis to a denial of trial counsel claim is contrary to *Cronic* and *Cone.* The Supreme Court has held that prejudice is presumed when the "denial of counsel at a critical stage" is "complete," *Roe v. Flores-Ortega,* 528 U.S. 470, 483 (2000), and when "the deprivation of the right to counsel affected—and contaminated—the entire criminal proceeding," *Satterwhite v. Texas*, 486 U.S. 249, 257 (1988); *see also Schmidt v. Foster*, 911 F.3d 469, 480 (7th Cir. 2018) ("Only for such out-and-out deprivations—those on par with total absence—does the Court's precedent require the presumption of prejudice). It has also stated that *Cronic*'s presumption of prejudice applies in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Woods v. Donald*, 575 U.S. 312, 318 (2015); *see also Kitchen v. United States*, 227 F.3d 1014, 1020 (7th Cir. 2000) ("Prejudice, however, can be presumed only in the most egregious cases of ineffective assistance—those where prejudice is so likely that case-by-case inquiry into prejudice is not worth the cost."). By contrast, in cases where prejudice for a denial of

6

counsel claim is not presumed, the Supreme Court and the Seventh Circuit have applied harmless error analysis. *Glebe v. Frost*, 574 U.S. 21, 23 (2014) (restriction of trial counsel's closing argument); *Satterwhite v. Texas*, 486 U.S. 249, 257 (1988) (trial counsel absent during expert testimony); *United States v. Morrison*, 946 F.2d 484, 503–04 (7th Cir. 1991) (trial counsel absent during return of verdict); *but see Kitchen v. United States*, 227 F.3d 1014, 1021 (7th Cir. 2000) (recasting the claim as an ineffective assistance claim and applying the prejudice test from *Strickland v. Washington*, 466 U.S. 668 (1984)).

Stated otherwise, the cases applying harmless error analysis to denial of counsel claims remain good law and are not contrary to clearly established federal law, including *Cronic* and *Cone. See Sanders v. Lane,* 861 F.2d 1033, 1037 (7th Cir. 1988) (discussing the continued vitality of harmless error analysis on denial of counsel claims in light of *Cronic*, *Strickland*, and *Satterwhite).* Therefore, the court will apply AEDPA deference to the decision of the Indiana Court of Appeals.[2]

## ANALYSIS

Mr. Black's principal argument is that the state court decision to apply a harmless error analysis rather than presuming prejudice to Mr. Black's denial of counsel claim was an unreasonable application of *Cronic,* 466 U.S. 648. In *Cronic*, the Supreme Court noted that defendants must ordinarily demonstrate some harmful effect on the trial process to demonstrate a violation of the right to effective assistance of counsel. *Id.* at 658. However,

---

[2] For the sake of completeness, the court notes that the standard of review did not affect the outcome of this case. For the reasons set forth below, the court agrees with the state court that the presumption of prejudice should not apply to Mr. Black's claim, and the court is unable to identify any harm or prejudice on the outcome of trial that resulted from holding the February 2016 hearing in trial counsel's absence.

the Supreme Court acknowledged that some circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* As examples, the Supreme Court identified the "complete denial of counsel," a complete failure "to subject the prosecution's case to meaningful adversarial testing," and the denial of any opportunity to conduct "an effective cross-examination" as rendering "the adversary process itself presumptively unreliable." *Id.* at 659.

That said, the existence of the right to the assistance of counsel at all critical stages does not mean that a reviewing court must always presume prejudice if it is infringed. In subsequent cases, the Supreme Court has emphasized that the denial of counsel must be "complete" to apply the presumption of prejudice. *See Wright v. Van Patten*, 552 U.S. 120, 125 (2008); *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). The Supreme Court recently reaffirmed this principle in *Glebe v. Frost*, 574 U.S. 21, 23-24 (2014), holding that the presumption of prejudice applies only when the error "infects the entire trial process and necessarily renders it fundamentally unfair" and that, at most, its prior rulings established only that the "complete denial of summation" requires the presumption of prejudice.

"[T]he *Cronic* exception is exceedingly narrow." *Smith v. Brown*, 764 F.3d 790, 796 (7th Cir. 2014). "In the wake of [*Bell v. Cone*, 535 U.S. 685 (2002)], courts have rarely applied *Cronic*, emphasizing that only non-representation, not poor representation, triggers a presumption of prejudice." *Miller v. Martin*, 481 F.3d 468, 473 (7th Cir. 2007). "*Most* constitutional mistakes call for reversal only if the government cannot demonstrate harmlessness." *Glebe v. Frost*, 574 U.S. 21, 23 (2014).

8

Upon careful consideration, this court cannot find that the state court made an unreasonable determination of federal law by applying harmless error analysis. Implicit in the state court's reasoning is that trial counsel's absence from the February 2016 hearing did not completely deprive him of his ability to challenge the trial court's ruling on the amended information. Significantly, Indiana law did not require Mr. Black to challenge the amended indictment at the February 2016 hearing. *See* Ind. Code § 35-34-1-4 (allowing motions to dismiss information within 20 days prior to the omnibus date for certain grounds or any time before or during trial for other grounds); *Gross v. State*, 41 N.E.3d 1043, 1047 (Ind. Ct. App. 2015) ("Trial courts have the inherent authority to dismiss criminal charges where the prosecution of such charges would violate a defendant's constitutional rights."). The record further indicates that trial counsel knew of the proposed amended information before the February 2016 hearing and that he did not challenge the amended information in the five months between that hearing and the trial date. ECF 7-1 at 1-5; ECF 7-6 at 104-08.

On this basis, the court concludes that Mr. Black's claim more closely resembles scenarios in which federal courts have declined to find a complete denial of counsel. These scenarios include appellate counsel's declining to pursue a direct appeal or a particular argument, *Vinyard v. United States*, 804 F.3d 1218, 1228 (7th Cir. 2015); *Kitchen v. United States*, 227 F.3d 1014, 1021 (7th Cir. 2000); restrictions on trial counsel's summation, *Glebe v. Frost*, 574 U.S. 21, 24 (2014) and restrictions of trial counsel's involvement during an in camera examination of the defendant, *Schmidt v. Foster*, 911 F.3d 469, 481 (7th Cir. 2018). Whether it was error to hold the February 2016 hearing in

trial counsel's absence, trial counsel had other opportunities to challenge the amended indictment. It is thus unclear how such error could have infected the entire trial process and rendered it fundamentally unfair, so the court cannot find a complete denial of counsel that would entitle Mr. Black to a presumption of prejudice.

Moreover, the court does not perceive trial counsel's absence at the February 2016 hearing as a circumstance that is "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," *Woods v. Donald*, 575 U.S. 312, 318 (2015), or that "prejudice is so likely that case-by-case inquiry into prejudice is not worth the cost," *Kitchen v. United States*, 227 F.3d 1014, 1020 (7th Cir. 2000). The only significant consequence of the February 2016 hearing identified by Mr. Black was the amended information. Prejudice could be shown though the *Strickland* framework by identifying a meritorious challenge to the information that trial counsel could have made and by showing its probable effect on the outcome of the trial. *See Jones v. Zatecky*, 917 F.3d 578, 582 (7th Cir. 2019); *Shaw v. Wilson*, 721 F.3d 908, 918 (7th Cir. 2013). Mr. Black's ability to demonstrate prejudice here seems substantially similar to the petitioner's ability in *Kitchen*, 227 F.3d at 1020-22, where the Seventh Circuit required the petitioner to demonstrate prejudice "by showing that the omitted issue may have resulted in a reversal of the conviction or an order for a new trial" and declined to apply a presumption of prejudice. *See also Bell v. Cone*, 535 U.S. 685, 697 (2002) ("The aspects of counsel's performance challenged by respondent—the failure to adduce mitigating evidence and the waiver of closing argument—are plainly of the same ilk as other specific attorney errors we have held subject to *Strickland*'s performance and prejudice components.").

The court further observes that the inability to object to an amended indictment at a particular hearing is not so likely to result in prejudice as to obviate the need for a case-by-case inquiry. Prosecutors often amend charges to which no objections are raised and to which no valid objections could be raised. And, here, trial counsel's opportunity to challenge the indictment both before and after the hearing further diminishes the likelihood of prejudice. Based on the foregoing, the court cannot find that the state court made an unreasonable determination of clearly established federal law by applying harmless error analysis to Mr. Black's claim.

Next, the court finds that the state court applied the harmless error analysis in a reasonable manner. For errors of constitutional dimension, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Rose v. Clark*, 478 U.S. 570, 576 (1986). However, on habeas review, the reviewing court must instead consider whether the constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

Mr. Black's argument regarding the effect of trial counsel's absence at the February 2016 hearing on the jury's verdict is as follows: "If a lawyer would have been ineffective for failing to object to the amended information in Mr. Black's case, the error in Mr. Black not having a lawyer *at all* at the February 2016 [hearing] could not have been harmless under *Chapman* or *Brecht*." ECF 13 at 4. This argument, while internally consistent, does not entitle Mr. Black to habeas relief because it presumes too much. Significantly, Mr.

11

Black has not demonstrated or even argued on habeas review that trial counsel was deficient for failing to challenge the amended indictment from February 2016. And Mr. Black makes no other argument specifically identifying how trial counsel's absence at the February 2016 hearing might have affected the outcome of trial.

After reviewing the record, the court is unable to identify any likelihood that trial counsel's absence at the February 2016 hearing had an injurious effect on the jury verdict. Trial counsel had ample opportunity to challenge the amended information despite his absence at the February 2016 hearing. Trial counsel also had ample time to prepare a defense to the new charges. Further, on direct appeal, the Indiana Court of Appeals reviewed the objections that trial counsel could have made before or after the hearing and found that any error did not harm his ability to receive a fair trial. ECF 7-6 at 10-13. Consequently, the court cannot find that trial counsel's absence at the February 2016 hearing had a substantial and injurious effect on the jury's verdict. Because the State court did not unreasonably decide Mr. Black's denial of counsel claim, it is not a basis for habeas relief.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Black to proceed further.

For these reasons, the court DENIES the habeas corpus petition; DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED.

June 24, 2024                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court